Good morning. May it please the court, I'm Philip Trevino on behalf of the petitioner, Hugo Rangel Resendiz, and I don't have any notarios, but I do have a disbarred lawyer, who I understand from Judge Pragerson now perhaps at least can practice in a different capacity. And it's that disbarred lawyer who told my client after the passage of AEDPA and the Immigration Reform Act that in fact pleading guilty to these narcotics offenses... That practice has been halted. Which practice is that, Your Honor? Allowing disbarred attorneys to represent people before immigration, Judge. Well, then he won't even be able to do that, which may keep at least a few problems away from this court's door, but it still leaves my client in his predicament. Because he was told by his lawyer that despite the passage of AEDPA and Immigration Reform Act, which the lawyer didn't appear to know about because he did no research before he counseled his client to enter the plea in State court, that he wouldn't suffer any adverse immigration consequences. And yet that obviously wasn't true because subsequent to his conviction in State court, he in fact was removed to Federal custody and has since been excluded from the country and from his wife and children, who are U.S. citizens. Was he in custody pursuant to a judgment of the State court when he filed his 2254 petition?  Well, but, I mean, you have to construct a house of cards to get there. The fact is his sentence was served and he was out and gone. In what respect was he in custody pursuant to a State court decision? He's in custody, first of all, because of the requirement that he register as a narcotics offender. And that unquestionably, according to the State statutes, survived or continued for five years after the termination of his three-year probation.  Well, there are the analogy of that word in 2254. There's nothing that says that directly, specifically as to that. There are cases. Nothing that says that indirectly either. Well, there are the cases that talk about the restriction as a sex offender, those registration requirements. And by analogy, since, at least in the California case law, the registration as a narcotics offender is also considered punitive, it would seem to stand to reason that the sex registration offense, the sex offender registration requirement justifies an equal result here. There's also the fact that the U.S. Supreme Court has specifically left open the possibility that there are simply some instances where the custody requirement is not necessary, whether it be under 2254 or under 2241. The fact is that Mr. Vercindes was diligent. He did pursue this matter in every way that was available to him. There's one point that I noticed the briefing doesn't very clearly spell out, and I'd like to take a moment of the Court's time to ensure the Court is clear on this. It is true Mr. Vercindes did not file a notice of appeal from the State court conviction. But there are very good reasons why he did not. And the first and simple, most simple one is there is a statutory prohibition under California law for taking an appeal from a guilty plea unless specifically authorized by the State court. Of course, Mr. Vercindes at the time that he made his guilty plea sought no such exemption, sought no such authorization because his problem wasn't with the State proceeding at that point, as he understood it. So he didn't have the authorization to proceed with an appeal. There's an additional problem, which is the timing problem. And that is that there's a 60-day period during which a notice of appeal could have been filed, assuming the authorization had been issued, which of course it had not because no request was made, because no need was perceived. But in that 60-day period of time, it's questionable where, at what point in time, the notice of his removal to Federal custody occurred. Under the position that the Respondent in California previously took, my client was sentenced in State court on June 3rd of 1997, and the removal order occurred, I think it's August 18th, which would put it outside the 60-day notice. There have been some queries to whether that date is accurate or not. But in any event, my point is simply, it is true he didn't proceed with an appeal. That shouldn't affect this Court's analysis in any way. Because the truth is, he began, as soon as he was aware of the Federal removal order, to seek relief and went through the State court system. And I know what this Court probably can see is a myriad of avenues of relief that he saw. It resulted in a very lengthy published decision from the California Supreme Court. But we're still without any relief from the – with no review in the Federal system. And unless the Court has any other questions, I'll submit it and ask for your comment. I'd like to go back to your allegation that the sexual offender registration laws somehow create a custody situation for the purposes of this statute. Strictly by analogy, Your Honor. What case says that sexual offender registration laws – and I don't think you made this argument before in the lower court – but what case says sexual offender registration laws place a person in custody? It says it's a punitive measure, Your Honor. What case? There's no case that says that that's specifically in place. I thought you said there were cases. Have you read Williamson v. Gregoire? I'm sorry, Your Honor. I don't know that. That's already off. It excludes the proposition that sexual offender registration laws have somebody in custody. The point, Your Honor, that the – I'm basing my analogy on the premise that it is a restriction on liberty. Well, I thought that you told us that cases that held that the sexual offender registration laws – California cases, Your Honor. That California interpreting these ongoing restriction on liberty consider them to be federal cases. No, Your Honor. There isn't anything that I can point the Court to directly. And to the contrary, the federal cases, as I read them, specifically Williamson v. Gregoire, decided in 1998 by this Court, say no, not custody, sexual offender registration law. So then I have to apologize to the Court that I'm not familiar with that authority? Well, you know, I don't intend this to be a criticism, but before you make arguments like that, you better do some research. Well, and I have, Your Honor. My argument, though, goes directly to the State authorities' – the State court's interpretations of its own provisions that they themselves see this as a restriction. Read Williamson. I'd be happy to do so. The government cites Williamson. I'm sorry? The government cites Williamson. Okay. Well, then I have to just simply apologize that I'm not familiar. Did you read the government's brief? Oh, I most decidedly did. I thought and hoped my reply brief would have made that clear. But I'm only human, and that must be something where I've tripped. You're not a notario, are you? I am not a notario. And I'm hoping that after today I don't have to become one. Yeah. But Williamson – you didn't cite William – I don't see Williamson in the – in your authorities. Okay. But if I may, that is only one of the various ways in which my client intends he satisfies the custodial requirement, whether it be under 2254 or under 2241. And I think the more – What's the strongest argument? The strongest of the various arguments, Your Honor? That may be it. Is that – well, it may be that that's the one, although I'm hesitant now because Judge Trott points out quite clearly there's this authority that I don't see. I'll go to the – But I'm hesitating only because I think the U.S. Supreme Court's admonition that the custodial requirement in both of those statutes may need some leeway in some limited circumstances has probably been brought front and center by developments in recent years through our Congress and the way that it has acted to restrict access to the courts, to the Federal court system. And it may be that it's finally time for this Court to address that point square  Maybe we'd better talk to the Supreme Court about it. Well, but my – but the Supreme Court hasn't prohibited it, Your Honor. It's left it open. And so, therefore, I think this Court has the authority to do it if it finds it appropriate. Thank you. Thank you, Your Honor. May it please the Court. Assistant United States Attorney Frank Travieso on behalf of the ICE field office director. This is a case that attempts to obfuscate the paradigm of the Federal habeas statutes. Yeah, I think you can be brief. Pardon? I think you can be brief. I will be brief, Your Honor. I believe that this Court's decision in Contreras v. Shilkin was rightly decided for all the right reasons. I believe Contreras firmly is on point in this particular case. Mr. Resendez attempts to bring a 2254 action under the 2241 proceeding against a Federal agency which, as this Court concluded in Contreras, has neither the expertise nor the competency to reexamine a State court conviction. Unless the Court has any particular questions, I would submit. Any questions? Thank you. Thank you, Your Honor. Thank you, Your Honor. Thank you. The case just argued is submitted for decision. We'll hear the next case, which is Warsame v. Gonzalez.
judges: Schroeder, Pregerson, Trott